IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:25-CV-1530-K |
| | § | |
| MONDANA1, LLC d/b/a SPATCH KITCHEN, d/b/a SPATCH KITCHEN & COCKTAILS, and d/b/a SPATCH, and ANDRE PALMER, | § § § § | |
| | § | |
| Defendants. | § | |

**<u>FINAL DEFAULT JUDGMENT</u>**

Before the Court is Plaintiff Joe Hand Promotions Inc.'s Motion for Final Default Judgment Against Defendants (Doc. No. 12) and Appendix in Support (Doc. No. 13) (together, the "Motion"). After careful consideration of the Motion, the record, and the applicable law, the Court finds that entry of default judgment against Defendants Mondana1, LLC, d/b/a Spatch Kitchen, d/b/a Spatch Kitchen & Cocktails, and d/b/a Spatch ("Mondana1") and Andre Palmer ("Palmer") (together, the "Defendants") is procedurally warranted and that there is a sufficient basis in the pleadings for the default judgment against both Defendants. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see also Frame v. S-H Inc.*, 967 F.2d 194, 205 (5th Cir. 1992) (emphasizing that "conduct on which liability is based may be taken as true as a consequence of the default"); *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Accordingly, the Court **GRANTS** the Motion and enters this Final Default Judgment.

The Court finds that it has subject matter jurisdiction over this matter and that it may exercise personal jurisdiction over both Defendants. Defendant Mondana1is an LLC and, therefore, is neither a minor nor an incompetent person, nor can it be in the military service. *See Arch Ins. Co. v. WM Masters & Assocs., Inc.*, No. 3:12-CV-2092-M, 2013 WL 145502, at *3 (N.D. Tex. Jan. 14, 2013) (Lynn, J.) (citing FED. R. CIV. P. 55(b)(2) and 50 App. U.S.C. § 521(a),(b)(1)(A)-(B)). The record establishes that Defendant Palmer is not a minor or an incompetent person, and he is not in the military service. *See* Doc. No. 10-1 at 2. Defendants were each served with summons and a copy of the Complaint on June 19, 2025. Doc. Nos. 8 & 9. Despite being properly served, neither Defendant Mondana1 nor Defendant Palmer filed a responsive pleading and nor did either Defendant otherwise appear or defend in this matter. The Clerk entered default against both Defendants on July 22, 2025. Doc. No. 11.

The pleadings establish that Plaintiff had the exclusive right to sublicense broadcasts of the *Ultimate Fighting Championship® 278: Kamaru Usman vs. Leon Edwards 2* mixed martial arts match, including all undercard bouts and commentary, telecast on August 20, 2022 (the "Program"), Defendants intercepted and then broadcast the Program to patrons at the establishment known as Spatch Kitchen/Spatch Kitchen & Cocktails/Spatch located at 5000 Belt Line Rd., Suite 850, Dallas/Addison, Texas, and Defendants did so without proper license, authorization, or permission from Plaintiff. This is sufficient evidence of Defendants' liability under either Section 553 or Section 605. *See J&J Sports Prods., Inc. v. Chance Club Corp.*, Civ. Action No. 4:10-CV-294-Y, 2011 WL 2909885, at *3 (N.D. Tex.

July 20, 2011)(Means, J.) (finding the defendant was liable under either Section 553 or Section 605 where the plaintiff had the exclusive right to sublicense the video of the event and the defendant showed it without a sublicense).

Plaintiff elects an award of statutory damages under § 605 rather than actual damages. *See* 47 U.S.C. § 605(e)(3)(C)(i) (stating that a party may elect to receive either statutory damages or actual damages); *see also id.* § 605(e)(3)(C)(i)(II) (court must award § 605 statutory damages of "not less than $1,000 or more than $10,000, as the court considers just"). On this record, the Court further concludes that Defendants' actions were willful and for purposes of direct or indirect commercial advantage or private financial gain, thereby warranting additional damages. *See* 47 U.S.C. § 605(e)(3)(C)(ii); *Entm't by J & J, Inc. v. Al-Waha Enters., Inc.*, 219 F. Supp. 2d 769, 777 (S.D. Tex. 2002) (finding willful violation because of the "limited methods of intercepting closed circuit broadcasting of pay-per-view events and the low probability that a commercial establishment could intercept such a broadcast merely by chance"); *see also Joe Hand Promotions, Inc. v. Alima*, No. 3:13-CV-0889-B, 2014 WL 1632158, at *5 (N.D. Tex. Apr. 22, 2014)(Boyle, J.) (recognizing that, while "there is little guidance how the Court should weigh certain factors," "many courts" use "multipliers of three to five" in assessing additional damages for willful conduct).

Finally, the Court finds that Plaintiff's attorneys of record, Jamie King and David Michael Walsh IV, have established the reasonableness of the attorney's fees and court costs incurred from prosecuting this case. *See* Doc. Nos. 13-9, 13-10 & 13-11; *see also* §

605(e)(3)(B)(iii) ("The court . . . shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails.").

It is, therefore, ORDERED, ADJUDGED, AND DECREED, as follows:

1. Judgment by default is hereby entered in favor of Plaintiff Joe Hand Promotions, Inc. and against Defendants Mondana1, LLC, d/b/a Spatch Kitchen, d/b/a Spatch Kitchen & Cocktails, and d/b/a Spatch, and Andre Palmer ("Defendants").

2. Plaintiff hereby recovers statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) from Defendants, jointly and severally, in the amount of $3,500.00.

3. Plaintiff hereby recovers additional damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii) from Defendants, jointly and severally, in the amount of $10,000.00.

4. Plaintiff hereby recovers its reasonable attorneys' fees from Defendants, jointly and severally, in the amount of $2,750.00.

5. Plaintiff hereby recovers costs from Defendants, jointly and severally, in the amount of $545.00.

6. The Court also awards Plaintiff post-judgment interest from Defendants, jointly and severally, on the amounts awarded herein at an annual rate of 4.04% from the date of this judgment until paid.

7. All writs and process for the enforcement and collection of this Judgment may issue as necessary.

8. This Judgment is a final judgment.

**SO ORDERED.**

Signed August 12th, 2026.

Ed Kinkeade

ED KINKEADE
UNITED STATES DISTRICT JUDGE